# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0105, <u>Mark R. Acciard & a. v. The Trainito Family Real Estate Trust of 2021 & a.</u>, the court on December 28, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). Plaintiff Mark R. Acciard appeals an order of the Superior Court (<u>Ruoff</u>, J.) dismissing the complaint he brought against the defendants, the Trainito Family Real Estate Trust of 2021 and Richard and Andrea Trainito. We affirm.

In reviewing a trial court's grant of a motion to dismiss, we consider whether the allegations in a plaintiff's pleadings are reasonably susceptible of a construction that would permit recovery. <u>Cluff-Landry v. Roman Catholic Bishop of Manchester</u>, 169 N.H. 670, 673 (2017). We assume the plaintiff's pleadings to be true and construe all reasonable inferences in the light most favorable to the plaintiff. <u>Id</u>. However, we need not assume the truth of statements in the plaintiff's pleadings that are merely conclusions of law. <u>Id</u>. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law, and if the allegations constitute a basis for legal relief, we must hold that it was improper to grant the motion to dismiss. <u>Id</u>.

On appeal, Acciard first argues that the trial court erred by determining that plaintiff Tamara Powell, who has not appealed, lacked standing. When a motion to dismiss challenges a plaintiff's standing to sue, the trial court must look beyond the plaintiff's unsubstantiated allegations and determine, based upon the facts, whether the plaintiff has sufficiently demonstrated his or her right to claim relief. <u>Conduent State & Local Solutions v. N.H. Dep't of Transp.</u>, 171 N.H. 414, 418 (2018). Because the facts relevant to this issue are not in dispute, we review the trial court's determination <u>de</u> <u>novo</u>. <u>See id</u>. Even assuming that plaintiff Acciard has standing to raise this issue on behalf of plaintiff Powell, we concur with the trial court that Powell lacked standing.

Acciard next asserts that his claims based upon conduct that occurred in 2014 and 2015 are not time-barred under the doctrine of continuing harm. However, Acciard has failed to demonstrate that this ruling constitutes reversible error.

Finally, Acciard faults the trial court for failing to find that the defendants were bound by the 2019 lease and, therefore, could not have lawfully raised his rent or evicted him for failing to pay the increased rent. We agree with the trial court's implicit determination that, by consenting to the eviction proceeding, plaintiff Acciard waived any claims based upon the 2019 lease and 2020 eviction proceedings.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**